UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 1:19-CR-00821 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| DEMITREOUS SPRAGGINS and ) | |
| WALTER WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Walter Williams is charged with conspiracy to possess with intent to distribute cocaine (and to distribute it), in violation of 21 U.S.C. § 846. R. 1, Indictment. He and his co-defendant, Demitreous Spraggins, moved to dismiss the charges against them for improper venue. R. 84. The Court denied the motion as to the charge against Spraggins, and reserved ruling as to Williams to give the parties a chance to brief additional legal and factual issues. R. 97. Having now reviewed the parties' supplemental briefs, for the reasons discussed in this Opinion, the Court denies Williams's motion to dismiss for improper venue.

**I. Analysis**

To jump into the analysis on the lingering issue, this Opinion assumes the reader's familiarity with the prior opinion's factual recitation, standard of review, and analyses. R. 97. As relevant here, the charge against Williams is for conspiring with Individuals B and C "to knowingly and intentionally possess with intent to distribute and distribute a controlled substance … in violation of Title 21, United States Code,

1

Section 841(a)(1) in violation of Title 21, United States Code, Section 846." Indictment at 2. The parties were directed to submit supplemental briefs addressing three issues: (1) whether, as a matter of law, the intended-effects test for venue must take into consideration the knowledge and intent of coconspirators (that is, Individuals B and C); (2) whether, as a matter of fact, there are other facts that the government or the defense can point to that either support or refute the knowledge and intent of Individuals B and C as to the effects of their conspiracy with Williams in Illinois; and (3) whether Williams made any phone calls into the District in furtherance of the conspiracy during the charged time period of the conspiracy (September 6–22, 2018), and whether (as a matter of law) that matters.

## A. Phone Calls Establish Venue

The third question turns out to be dispositive: based on the government's proffer, a jury reasonably could find that Williams did make in-furtherance phone calls to Spraggins in Illinois during the alleged conspiracy, and that is enough to establish venue. As discussed in the previous opinion, the Seventh Circuit has approved venue in a district in which victims of a conspiracy were located when the defendants called them—even though the defendants never set foot in the district. *United States v. Brown,* 739 F.2d 1136, 1148 (7th Cir. 1984). *Brown* approvingly cited an Eleventh Circuit case that deemed a "phone call from defendant in Florida to Texas sufficient to establish venue in Texas." *Id.* (citing *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982), *cert. denied*, 459 U.S. 976 (1982)). It is true that the crime in *Brown* involved a few more facts to support venue in the Central District of Illinois, including

money transfers from that District, but the phone call appears to have played a key role in the Seventh Circuit's decision. *Id.* Other circuits have reached similar conclusions, as discussed in this Court's prior opinion. R. 97 at 22–24. The reason why these phone calls establish venue is that they are overt acts in furtherance of the conspiracy. *See United States v. Ochoa,* 229 F.3d 631, 636 (7th Cir. 2000).[1]

The government has presented phone records allegedly showing that Williams and Spraggins exchanged around 20 telephone calls between September 11 and 19, 2018, while Williams was in California and Spraggins was in Chicago. R. 100, Gov't. Supp. Br. at 2–3; R. 100-1, Call Log. Although these calls were not recorded, calls from the same time period between Williams or Spraggins and the government's Confidential Source *were* recorded, and strongly support the inference that Williams's phone calls with Spraggins were about the drug deal that they were planning to complete. Gov't. Supp. Br. at 4–12. For example, in one call at 4:36 p.m. on September 12, Williams told the Confidential Source that he would call Spraggins and give him an update on the progress of the deal. *Id.* at 5–6. Phone records appear to show that Williams called Spraggins—who was in Chicago—at 4:40 p.m. that same day and the call lasted under a minute. *Id.* at 6. Then over the next two hours, the two men exchanged about five more phone calls, including calls that Williams placed to

---

[1]The Court hastens to add that Section 846 drug conspiracies do not require proof of an overt act as an *element* of the crime. *United States v. Shabani,* 513 U.S. 10, 16 (1994). The point is that *venue* is appropriate in a District in which an overt act in furtherance of the conspiracy takes place.

3

Spraggins. *Id.* at 6–7.² This is circumstantial evidence from which a reasonable jury could conclude that Williams had conversations with Spraggins in furtherance of the conspiracy, while Spraggins was in Chicago.

It is worth noting that the government will have to prove that the phone calls between Williams and Spraggins furthered the conspiracy between Williams and Individual A and Individual B. Williams has *not* been charged with a conspiracy with Spraggins. That is why, as previously explained, the *Muhammad* case that the government relied on heavily in its initial briefing, and cited again in its supplemental brief, is not on point for Williams. R. 97 at 18–19 (discussing *United States v. Muhammad*, 502 F.3d 646, 655 (7th Cir. 2008)). Williams is charged with conspiring with Individuals A and B to sell narcotics to *Spraggins*, so Williams' calls with Spraggins to set up that sale are allegedly in furtherance of the conspiracy to make the sale, even though the sale was always planned to take place in California. The Court does not necessarily agree with the government that venue is proper in this District just because Williams allegedly knew that eventually, the drugs would be sold in Chicago. Gov't. Supp. Br. at 19. In the sole case that the government cites to support this proposition in its supplemental brief, a Massachusetts-based defendant was properly charged in Maine, even though he never set foot there, because he conspired to sell drugs and *that sale*, the subject of the conspiracy, took place in *Maine* (where the charges were brought). *United States v. Santiago*, 83 F.3d 20, 23–25 (1st Cir. 1996).

---

²Venue might still be secure even if Williams only *received* calls from Spraggins rather than placing them himself. But because the government alleges that Williams did place the calls, there is no need to decide that question now.

4

In Williams's case, Williams conspired with Individuals B and C to sell drugs to Spraggins in *California*. This is a significant difference. But as just explained, venue is secure (or at least a reasonable jury can so find) in the Northern District of Illinois because of Williams's phone calls to Chicago during the time of the conspiracy.

In his supplemental response brief, Williams does not grapple with the legal standards for venue in conspiracy cases, focusing instead on precedent relevant to substantive charges. R. 105, Williams Supp. Resp. at 2–7. But Williams is not facing a substantive charge of possession or distribution of narcotics; he faces only a conspiracy charge. Indictment at 2. The legal arguments in the defense brief are thus neither responsive to the Court's questions, nor relevant to the motion before the Court.

## B. Foreseeability

The government devotes a few pages of its supplemental brief to the question of whether an overt act must be foreseeable to all members of the conspiracy to establish venue in the district where the act took place—but this analysis is ultimately unnecessary. Gov't. Supp. Br. at 16–18. The Seventh Circuit does not appear to have taken a position on the "reasonable foreseeability" requirement. In other circuits, the issue has come up when a defendant is charged in a district where his co-conspirators acted, even though the defendant may not have known about those activities. *See, e.g., United States v. Renteria*, 903 F.3d 326, 331–32 (3d. Cir. 2018). This is not that kind of case. Here, Williams is the one charged, and Williams is the one who made phone calls into Chicago, so there does not appear to be a dispute that he was aware

5

of the activities that tie the case to Chicago (or, at the least, a jury could reasonably so find). As relevant to venue, he did not have to reasonably foresee any of his co-conspirators' activities. If Individual A or B were being charged here in Illinois, it might be necessary to engage in the analysis that the government set forth—but not for Williams.

### C. Transfer for Convenience

In his supplemental response brief, Williams argues for the first time that the case should be transferred to California purely for convenience's sake. Williams Supp. Resp. at 7–8. This argument fails for at least two reasons. First, it comes too late and is underdeveloped. Williams attempts to invoke the civil doctrine of *forum non conveniens*. But in criminal cases, requests to transfer venue are governed by Federal Rule of Criminal Procedure 21(b). The Supreme Court has set forth a ten-factor test to help courts determine whether a motion under that rule should be granted. *See Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964). Williams does not cite the applicable rule or analyze the relevant factors.

But the problem is more fundamental. Williams's request to transfer is based on a misunderstanding of the case against him. Williams argues that if the Court finds that the substantive charge against him would be better heard in California, then it should transfer both the substantive charge and the conspiracy charge to California. Williams Supp. Resp. at 7. The problem, of course, is that Williams has *only* been charged with conspiracy. There is *no* substantive charge against him in the indictment in this case, and there does not appear to be any separate case filed against

him in California. So the foundation for his request is not right. The case will not be transferred to California for Williams's convenience.

## II. Conclusion

For the reasons discussed above, Williams's motion to dismiss for lack of venue is denied. The tracking status hearing of December 17, 2021, is reset to January 28, 2022, at 8:30 a.m., but to track the case only (no appearance is required). Instead, defense counsel shall confer with Williams and, if appropriate, the government. The parties shall file a status report on January 21, 2022, to propose the next step of the case.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 13, 2021